[No. 37921. Department Two. March 3, 1966.]

Brent Barber, *Appellant*, v. John Reinking *et al.,*
*Respondents.**

*Reported in 411 P.2d 861.

*McMullen, Brooke, Knapp & Grenier,* for appellant.

*Williams, Lanza, Kastner & Gibbs* and *Joseph J. Lanza,* for respondents.

HUNTER, J.—This is an action to recover damages for injuries sustained by a 2-year-old boy, together with medical and hospital expenses resulting from a hypodermic injection.

The boy, Brent Barber, with his mother visited the office of Dr. Raymond A. Gardner, in Everett, Washington, for the purpose of receiving a polio booster shot. Due to the number of patients in the office, the doctor's practical nurse, Mrs. John Reinking, took the boy into the doctor's private office. He was accompanied by his mother. Nurse

Reinking, seated in a straight-backed chair, placed the child over her knees and proceeded to give an intramuscular injection. Holding him with her left hand, she inserted the needle with her right; the boy suddenly moved and the needle was broken off in his right buttock. Dr. Gardner attempted surgical removal of the needle without success. The following day the boy was taken to the Everett General hospital, where 2 hours of exploratory surgery was performed. The needle was not found, the right buttock was sutured, and the boy returned home. A further attempt to extract the needle was made by the use of a magnet, which also failed. About 9 months later, the needle was located and removed at Children's Orthopedic hospital, in Seattle.

This action was instituted by the plaintiff (appellant) Dallas O. Barber, guardian ad litem of the minor child, against the defendants (respondents), Mrs. John Reinking and her husband, and Dr. Gardner and his wife. After a jury trial the trial judge entered a judgment dismissing the action upon a jury verdict for the defendants. Plaintiff appeals.

The plaintiff assigns error to the failure of the trial court to give the following requested instruction:

### Instruction No. 2

You are instructed that the law of this state provides that the following shall be done only by a licensed professional nurse:

At or under the general direction of a licensed physician . . . to give an inoculation, whether or not the severing or penetrating of tissues is involved.

I instruct you that a practical nurse is not a licensed professional nurse or a registered nurse and that the giving of an inoculation to the plaintiff herein by the defendant Reinking was contrary to law.

RCW 18.88.285, the statute relied on in support of the instruction, is as follows:

*Acts which may be performed only by licensed professional nurse.* A professional nurse under her license may perform for compensation nursing care (as that term is usually understood) of the ill, injured or infirm, and

in the course thereof, she is authorized to do the following things which shall not be done by any person not so licensed:

(1) At or under the general direction of a licensed physician, dentist, osteopath or chiropodist (acting within the scope of his license) to administer *medications, treatment, tests* and *innoculations* [sic], whether or not the severing or penetrating of tissues is involved and whether or not a degree of independent judgment and skill is required.

(2) To delegate to other persons engaged in nursing, the functions outlined in the preceding paragraph.

(3) To instruct students of nursing in technical subjects pertaining to nursing.

(4) To hold herself out to the public or designate herself as a registered nurse or professional nurse. (Italics ours.)

The defendants argue that the plaintiff's requested instruction No. 2 was properly refused by the trial court, for the reason that the mere want of a license to perform such an act does not raise the inference of negligence; that the ultimate question is whether the act was performed negligently, *i.e.,* not in accordance with the customary medical standards.

■ It is the public policy of this state, RCW 18.88.010, in order to safeguard life, health and to promote the public welfare, that any person practicing professional nursing in this state shall be required to submit evidence that he or she is qualified so to practice, and shall be licensed under the provisions of RCW chapter 18.88. The chapter further provides, RCW 18.88.285 (1), *supra,* that no person not so licensed may administer inoculations. See, also, Attorney General Opinion 59-60 No. 20. This public policy, as announced in RCW 18.88.010, *supra,* and delineated by RCW 18.88.285, *supra,* specifically prohibits the inoculation performed by Nurse Reinking in the instant case. The standard of care in this type of case is set forth in the trial court's instruction No. 5, to which no exception was taken:

It is the duty of one who undertakes to perform the service of a trained or graduate nurse to have the *knowledge* and *skill* ordinarily possessed, and to exercise the

care ordinarily used in like cases, by trained and skilled members of the nursing profession practicing their profession in the same or similar locality and under similar circumstances. Failure to fulfill *either* of those duties is negligence. (Italics ours.)

In accordance with the public policy of this state, we read this instruction to require that one who undertakes to perform the services of a trained or graduate nurse must have the knowledge and skill possessed by a *licensed registered nurse*. The failure of Nurse Reinking to be so licensed raises an inference that she did not possess the required knowledge and skill to administer the inoculation in question.

The plaintiff was entitled to have the jury consider this violation of the statute together with the other evidence in the case in determining whether the nurse was negligent.

■ The defendants argue that Nurse Reinking comes within the ambit of RCW 18.78.181, which provides that licensed practical nurses may *administer medication* under the direction and supervision of a physician and surgeon or registered nurse; that the administering of medication is a broad term which includes inoculations. We find no merit to this contention. RCW 18.88.285 (1), *supra*, lists inoculations in addition to administering of medications in the prohibitory language which is not modified by RCW 18.78.181, *supra*.

■ The defendants further argue, however, that the trial court did not err in failing to give plaintiff's requested instruction No. 2, for the reason it failed to state that the violation of law is actionable only where it is found to be a proximate cause of the injury. The defendants are correct in this regard. The instruction was defective in that it failed to advise the jury that Nurse Reinking's negligence, inferred from the violation of the statute, must be a proximate cause of the injury sustained by the minor in order to permit his recovery. For this reason the trial court did not err in failing to give the plaintiff's requested instruction No. 2.

The plaintiff assigns error to the failure of the trial court to give his requested instruction No. 5:

You are instructed that there exists in this state a conclusive presumption that a child under six years of age cannot be guilty of contributory negligence.

 The defendants argue that the instruction was properly refused since the issue of contributory negligence was not in the case; that the sudden movement of the minor child, resulting from the injection of the needle, should be considered only on the issue of Nurse Reinking's primary negligence: whether she should have anticipated the child's sudden movement and guarded against it.

The plaintiff contends, however, that by the refusal of the instruction he was denied the opportunity to offset the theory of the defense that the breaking of the needle was caused by the boy's actions.

This argument goes only to the issue of proximate cause, and is unrelated to the requested instruction No. 5 on contributory negligence. The issue of contributory negligence was not in the case. We agree with the defendants that the conduct of the child was material only in determining whether Nurse Reinking was negligent in failing to anticipate the sudden movement of the child and guarding against it when administering the inoculation. Plaintiff's requested instruction No. 5 was properly refused.

 The plaintiff finally contends the trial court erred by permitting the introduction of testimony from which the jury could infer that it was the custom and practice for practical nurses to administer inoculations in doctors' offices in the city of Everett, Washington.

The defendants argue that this contention is not supported by the record. We have examined the record and, although we do not find any direct statement in the testimony that it is a custom and practice for practical nurses to administer inoculations in the city of Everett, we are satisfied the jury could infer from the testimony, in this regard, that this is a custom and practice in the city of Everett. Such a custom and practice is in violation of RCW

18.88.285, *supra,* and the announced public policy of the state, RCW 18.88.010, *supra.* The testimony, therefore, should not have been admitted and was highly prejudicial to the plaintiff.

The judgment of the trial court entered upon a jury verdict for the defendants is reversed, and a new trial is granted. Costs will abide the final determination of the cause.

ROSELLINI, C. J., FINLEY and WEAVER, JJ., and LANGSDORF, J. Pro Tem., concur.